IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HOOKS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:23-cv-369-ECM |
| ) | [WO] |
| LATORA BALDWIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiffs Robert Hooks, Ashley Hooks (collectively, the "Parents"), L.H. ("Infant Child"), and R.H. ("Minor Child")[1] (collectively, the "Plaintiffs") brought this action, pursuant to 42 U.S.C. § 1983 and Alabama state law, against Defendants Baptist Health, an Affiliate of UAB Health System, d/b/a Baptist Medical Center East ("Baptist Health"); Alabama Department of Human Resources ("DHR"); Nancy Buckner, the Commissioner of DHR ("Buckner"); and DHR employees Latora Baldwin ("Baldwin"); April Powers ("Powers"); Stacy Reed ("Reed"); and Michelle Wood ("Wood") (collectively, the "Defendants"). In their amended complaint (the operative complaint), the Plaintiffs alleged that their rights under the United States Constitution were violated based on the Defendants' acts and omissions arising out of Baptist Health's "seizure" and testing of "the meconium of Infant Child without the consent of Parents or even the Parents' knowledge

---

[1] The Court refers to L.H. and R.H., collectively, as the "Children."

that the meconium would be seized or tested," (doc. 28 at 10, para. 44), and the subsequent removal of both Infant Child and Minor Child from the Parents' custody.  The Plaintiffs also alleged that the Defendants violated Alabama state law under theories of negligence, wantonness, intentional infliction of emotional distress, and the tort of outrage. Additionally, the Plaintiffs brought a negligent supervision claim under Alabama law against DHR, Buckner, and Wood.  Buckner, Baldwin, Powers, Reed, and Wood were sued in their official and individual capacities.  The Defendants filed motions to dismiss the amended complaint. (Doc. 30; doc 32).

On September 27, 2024, the Court entered an Order dismissing all claims against Baptist Health, DHR, Buckner, Wood, and Powers, and all claims against Baldwin and Reed in their official capacities. (Doc. 42).  Moving forward against Baldwin and Reed in their individual capacities, however, are the Children's Fourth Amendment seizure claims, the Plaintiffs' Fourteenth Amendment due process claims, and the Plaintiffs' state law claims of negligence/wantonness and outrage.  Now pending before the Court is the Plaintiffs' motion to alter, amend, or vacate (doc. 45) the Court's September 27 Order (doc. 42).  The Plaintiffs object to the dismissal of the Children's claims against Baptist Health.[2] The Court addresses each of their arguments in turn.

---

[2] The Plaintiffs also argue DHR should be held liable under a theory of supervisory liability. However, the Court dismissed the claims against DHR on the grounds of Eleventh Amendment and state sovereign immunity (doc. 42 at 15–18), and the Plaintiffs' arguments fail to address that conclusion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "governs a district court's reconsideration of interlocutory orders," *Hornady v. Outokumpu Stainless USA, LLC,* 118 F.4th 1367, 1379 (11th Cir. October 11, 2024)*,* and provides that an order which "adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Under Rule 54(b), district courts retain plenary power to reconsider an interlocutory order before the entry of final judgment." *Hornady*, 118 F.4th at 1379. "Though district courts enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so." *Id.* at 1380 (emphases in original). A district court would typically "not abuse its discretion," for example, "when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected." *Id.* And "the more time that has passed between a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request." *Id.*

## III. DISCUSSION

The Court dismissed all claims against Baptist Health because it determined the applicable statute of limitations, ALA. CODE § 6-2-38, had run, and the claims were thus time-barred. (Doc. 42 at 8–15). The Plaintiffs argue that the Children's claims "are not barred by any statute of limitations as to any of the Defendants individually or in their

3

respective official capacities."[3] (Doc. 45 at 1, para. 2). In support, they cite to ALA. CODE § 6-2-8(a), which tolls the statute of limitations for minors bringing claims pursuant to ALA. CODE § 6-2, as the Children did here, and allows them three years to bring such claims upon becoming legal adults. The Plaintiffs are correct. *See* ALA. CODE § 6-2-8; *Elliott v. Navistar, Inc.*, 65 So. 3d 379, 383–84 (Ala. 2010); *Bender v. Coram*, 2015 WL 3385106, at *2 (N.D. Ala. May 26, 2015) ("Under Alabama Law, statutes of limitation are tolled in the case of a minor until the time the minor reaches the age of nineteen." (citing ALA. CODE § 6-2-8)). Because the statute of limitations is tolled as to the Children's claims against Baptist Health, the Court was wrong to dismiss those claims as time-barred.[4] Having so determined, the Court must next evaluate whether the Children's § 1983 and state law claims against Baptist Health survive the pleadings stage or are due to be dismissed for other reasons.

For their § 1983 claims to survive, the Children must sufficiently allege supervisory liability such that Baptist Health could be held liable for the constitutional violations of its employees. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) ("[T]o impose § 1983 liability on a [government entity], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [government entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."). The Plaintiffs contend that "Baptist's policy of admitting premature

---

[3] The only claims that the Court dismissed on statute of limitations grounds were those against Baptist Health. Accordingly, Baptist Health is the only Defendant to whom the Plaintiffs' argument applies.

[4] The Court observes, however, that the Plaintiffs could have—and should have—raised this argument in response to Baptist Health's motion to dismiss, not after the Court ruled on the motion to dismiss.

4

babies . . . to the Neonatal Intensive Care Unit (NICU) and further the policy of testing the meconium of *all* NICU patients in the instant case meets the burden imposed by the second prong of the *McDowell* analysis wherein it is a regular and common practice." (Doc. 45 at 2). In its September 27 Order, the Court found that "the Plaintiffs have not sufficiently alleged that Baptist Health had a policy which inflicted an injury on the Plaintiffs." (Doc. 42 at 12). Accordingly, the Court determined that "Baptist Health is not liable for the alleged actions of its employees[,] and the § 1983 claims against it" should be dismissed for that independent reason, in addition to the statute of limitations having run. (*Id.* at 13). The Court declines to disturb its finding that the Plaintiffs did "not sufficiently allege that Baptist Health had a policy which inflicted an injury on the Plaintiffs," or that Baptist Health "had a custom which caused the alleged constitutional violation." (*Id.* at 12). Accordingly, to the extent the Plaintiffs request that the Children's § 1983 claims against Baptist Health survive dismissal, the Plaintiffs' motion is due to be denied.

The Plaintiffs also brought state law claims of negligence/wantonness and the tort of outrage[5] against Baptist Health. In its September 27 Order, the Court relied solely on the statute of limitations in dismissing the Children's state law claims against Baptist Health. Baptist Health argued that it "has absolute immunity [from] Plaintiffs' claims"

---

[5] The Plaintiffs alleged both the tort of outrage and the intentional infliction of emotional distress. (Doc. 28 at 16, 20). Under Alabama law, the tort of outrage and intentional infliction of emotional distress are the same claim, which Alabama courts call the tort of outrage. *Wilson v. Univ. of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 675 (Ala. 2017) ("[T]he tort of outrage is the same cause of action as intentional infliction of emotional distress.") (citing *Thomas v. Williams*, 21 So. 3d 1234, 1237 (Ala. Civ. App. 2008)).

under the Alabama Child Abuse Reporting Act even if they are not time-barred.[6] (Doc. 30 at 13) (citing ALA. CODE § 26-14-9). The Plaintiffs argue that Baptist Health is "not immune from violating the constitution[al] protection afforded by the U.S. Constitution and the Constitution for the State of Alabama, when they performed an illegal search and seizure of the person by seizing the meconium of the infant child." (Doc. 36 at 4). The Court now determines whether Baptist Health is subject to immunity under ALA. CODE § 26-14-9.

"The Alabama Child Abuse Reporting Act was passed in 1965 for the purpose of protecting children who may be subjected to abuse or neglect." *Brown v. Pound*, 585 So. 2d 885, 886 (Ala. 1991). Section 26-14-3 mandates that certain persons and entities, including "[a]ll hospitals," immediately report to a "duly constituted authority" any suspicions or knowledge that a child in their care is being abused or neglected. Section 26-14-9 provides absolute immunity to those participating in the "good faith report" of child abuse or "in the removal of a child" pursuant to such report. "[M]ere compliance with the statute is not an automatic grant of immunity," however, and if there are "allegations of injury or damage not related to the reporting of the suspected child abuse," that would be considered "other tortious conduct not protected by the statute." *Brown*, 585 So. 2d at 886 (citing *Harris v. City of Montgomery*, 435 So. 2d 1207 (Ala. 1983)).

---

[6] While the Court did not address Baptist Health's immunity argument in its September 27 Order, Baptist Health made this argument in its motion to dismiss (doc. 30 at 12–14), and the Plaintiffs responded thereto (doc. 36 at 4).

Accepting the Plaintiffs' factual allegations as true, Baptist Health "failed to notify DHR in a timely manner of the allegedly positive drug test from Infant Child" and "had a duty, under the circumstances, to notify DHR immediately." (Doc. 28 at 14). The Plaintiffs further alleged that "due to Baptist's delay in informing Parents of the allegedly positive drug test and failing to notify DHR immediately of the allegedly positive drug test, [Baptist] delayed any possible investigation that could have occurred prior to Infant Child's discharge." (*Id.* at 18). According to the amended complaint, Infant Child's meconium tested positive for methamphetamines, and a child abuse report was made based on these test results. On this record, the Plaintiffs do not allege sufficient "allegations of injury or damage not related to the reporting of the suspected child abuse." *See Brown,* 585 So. 2d at 886. Even if Baptist Health was delayed in reporting the positive drug test, any alleged injury to the Children still occurred as a result of the mandatory reporting process. Because there are insufficient allegations that a Baptist Health employee did anything other than attempt to comply with the statute in making a good faith report of child abuse, Baptist Health is entitled to § 26-14-9 immunity on the Children's state law claims of negligence/wantonness and the tort of outrage.

### IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiffs' motion to alter, amend, or vacate (doc. 45) is GRANTED to the extent that the Court amends its September 27, 2024 Order (doc. 42) to reflect that the Children's claims against Baptist Health are not time-barred. Instead, those claims are dismissed because, on the § 1983 claims, the Plaintiffs failed to adequately

7

allege supervisory liability, and on the state law claims, Baptist Health is entitled to immunity under ALA. CODE § 26-14-9.  The Plaintiffs' motion (doc. 45) is DENIED in all other respects.

DONE this 22nd day of November, 2024.

                                            /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE